UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PARKWAY HEALTHCARE, LLC<br><br>*Defendant.* | No. 17-CV-1676 (DLF) |

**MEMORANDUM OPINION AND ORDER**

      Plaintiffs Service Employees International Union (SEIU) National Industry Pension Fund and Trustees of the SEIU Pension Fund filed an action to recover contributions against defendant Parkway Healthcare, LLC under the Employee Retirement Income Security Act of 1974 (ERISA) and Labor Management Relations Act of 1947 (LMRA).  This Court granted summary judgment in favor of the plaintiffs and directed the plaintiffs to file a petition for attorneys' fees and costs.  Before the Court is the plaintiffs' Petition for Attorneys' Fees and Costs, Dkt. 19, which the Court will grant in part and deny in part, awarding the plaintiffs fees and costs in the amount of $10,555.00.

**I. BACKGROUND**

      A full discussion of the factual background of this case can be found in the Court's Memorandum Opinion granting the plaintiffs' Motion for Summary Judgment.  *See SEIU Nat'l Indus. Pension Fund v. Parkway Healthcare, LLC*, Dkt. 18, (Mem. Op).  Only the facts necessary to resolve the plaintiffs' petition for fees and costs are set forth below.

1

The plaintiffs represent employees in service professions, such as certified nursing assistants, dietary and housekeeping employees, and recreational aides. Mem. Op. at 2. The defendant employs workers in those professions and entered into a Collective Bargaining Agreement with the Fund. *Id.* Since April 2010, this Collective Bargaining Agreement has obligated the defendant to provide the Fund with monthly contributions and corresponding remittance reports under the Fund's Trust Agreement. *Id.* After the defendant became delinquent in its contributions with respect to certified nursing assistants and dietary, housekeeping, and recreational employees, the parties reached a settlement agreement pertaining to all contributions from January 2009 to March 2010. But disputes remained regarding additional unpaid contributions during the time period covered by the settlement. *Id.* at 17. After identifying the defendant's delinquent payments, the Fund separately conducted two random audits of the defendant. *Id.* at 5. Both audits revealed that the defendant owed the Fund additional unpaid contributions. *Id.*

The Fund brought an action in this Court against the defendant under the Employee Retirement Income Security Act of 1974 (ERISA) §§ 1132(a)(3), (d)(1), (g)(2), 1145, and the Labor Management Relations Act of 1947(LMRA), 29 U.S.C. § 185(a). *Id.* at 1. The Court granted the plaintiffs' Motion for Summary Judgment, which permitted the plaintiffs to collect unpaid contributions, interest, liquidated damages, audit testing fees, attorneys' fees, and costs from the defendant. *Id.* at 19. The plaintiffs now petition for attorneys' fees and costs awarded by the Court's 2018 Memorandum Opinion and Order granting summary judgment. The plaintiffs seek a total of $10,633.00 in attorneys' fees and costs. *See* Dkt. 19, at 3 (Pl.'s Mtn.).

## II. ANALYSIS

This Court has already held that the plaintiffs are entitled to attorneys' fees. Mem. Op. at 18. Under ERISA, attorneys' fees are mandatory in any action "by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2); *see also Connors v. Brady-Cline Coal Co.*, 668 F. Supp. 5, 10 (D.D.C. 1987). This action falls within § 1145 because the plaintiffs sought to recover contributions to a multiemployer plan pursuant to a collective bargaining agreement. *Id.* § 1145.

Attorneys' fees are calculated by multiplying the number of hours reasonably expended in litigation by a reasonable hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984). The result of this equation is the lodestar figure. *Id.* The plaintiffs use the *Laffey* matrix to justify the reasonableness of their hourly rate. And the *Laffey* matrix satisfies the plaintiffs' initial burden of "establishing entitlement to an award . . . and justifying the reasonableness of the rates." *DL v. DC*, 2019 WL 2180398, at *2 (D.C. Cir. May 21, 2019) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). The defendant neither presents "equally specific countervailing evidence" against the *Laffey* matrix nor challenges the plaintiffs' hourly rate. *Id.* Thus, the plaintiffs' hourly rates are presumptively reasonable.

The defendant concedes, as it must, that the plaintiffs are entitled to attorneys' fees. But the defendant contests the accuracy of the plaintiffs' fees report, the total number of hours requested, and the categorizations of a paralegal's work. *See* Dkt. 20, at 2 (Def.'s Opp'n). The defendant argues that the Court must "significantly adjust down" the plaintiffs' petition for attorneys' fees and costs for three reasons: first, the plaintiffs' attorney declaration and brief contain conflicting information that makes the hours requested inaccurate; second, the total number of hours the plaintiffs billed was duplicative and excessive, and therefore unreasonable;

third, the plaintiffs improperly requested recovery for a paralegal's time spent on purely clerical work. Def.'s Opp'n at 5–7. For the reasons stated, the Court finds that the bulk of the plaintiffs' fee request is reasonable.

### A.  *Accuracy of Hours Requested*

The defendant asserts that the plaintiffs' request for hours contains a discrepancy between their brief and attorney certification regarding the number of associate and partner hours that were billed to this case. The defendant points out that the billing records reflect that the only partner on the case, Ms. Bardes, billed 24.2 hours, but the attorney certification states that only .4 hours were billed at the partner rate. Def.'s Opp'n at 3. Similarly, the billing records reflect that the only associate attorney on the case, Mr. Watts, billed 17.3 hours, but the attorney certification states that 41.1 hours were billed at the associate rate. *Id.*

This apparent discrepancy is explained by the fact that Ms. Bardes was promoted from associate to partner near the end of the litigation. Dkt. 21, at 3-4 (Pl.'s Reply). Before her promotion, Ms. Bardes billed her time at the associate rate. Ms. Bardes' 23.8 hours of associate work, combined with Mr. Watts' 17.3 hours, equals a total of 41.1 associate hours. *Id.* at 4. After her promotion, Ms. Bardes billed .4 hours at the partner rate which explains the total of .4 hours of partner time spent on the litigation. *Id.* The Court thus finds no inconsistencies between the billing records and the number of hours requested in the petition.

### B.  *Reasonableness of Hours Requested*

A party seeking to recover fees has the burden of establishing the reasonableness of the request. To meet this burden, the requesting party must provide "sufficient detail and probative value" for a court to determine "with a high degree of certainty" that the hours were "reasonably expended." *In re Olson,* 884 F.2d 1415, 1428 (D.C. Cir. 1989) (emphasis omitted) (quoting *United Slate, Tile, & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495,

502 n.2 (6th Cir. 1984)). Courts assess the reasonableness of the fee request by examining various factors, such as whether the petition includes block billing, insufficient detail, duplicative billing, or inconsistencies. *See Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970–74 (D.C. Cir. 2004).

The defendant argues that the plaintiffs' fee request reveals duplicative billing and excessive time with respect to three documents—the summary judgment brief, client declaration, and summary judgment order. Def.'s Opp'n at 5–7. According to the defendant, each of these documents is nearly identical to other filings that the plaintiffs' counsel prepared in similar litigation, and therefore should be reduced or denied entirely. *Id.* The defendant also attempts to analogize this case to *Role Models*, a case in which a plaintiff requested fees for over 1,000 hours of attorney work and provided virtually no basis for the contested hours. *See Role Models*, 353 F.3d at 972.

Having carefully reviewed the attorney billing records and declarations attesting to the skill of the attorneys and the reasonableness of the time spent on the case, the Court is independently satisfied that most of the plaintiffs' requested fees are reasonable. Given that this case presented unique circumstances that required plaintiffs' counsel to analyze details about the defendant's delinquent contributions, the audit, and the prior settlement agreement, the 6.6 hours that plaintiffs' counsel expended on the summary judgment brief were reasonable. Mr. Watts spent 4.5 hours drafting, revising, and reviewing the memorandum in support of a motion for summary judgment, including reviewing and revising an affidavit in support of that motion, Pl.'s Mtn. at 13 (Slip IDs 65905, 65939), 16 (Slip IDs 67612, 67613), while Ms. Bardes spent 2.1 hours editing and revising the motion, Pl.'s Mtn. at 16 (Slip IDs 69206, 69207), 17 (Slip ID 69213). For the same reasons, the Court finds that the 1.9 hours that Mr. Watts and Ms. Bardes

spent reviewing, revising, and editing the client declaration were reasonable. Pl.'s Mtn. at 16 (Slip ID 67611); id. at 15 (Slip ID 65823). However, the plaintiffs have not carried their burden with respect to the proposed summary judgment order. The Court will deny the plaintiffs fees for the .4 hours that Mr. Watts and Ms. Bardes spent "reviewing and editing," Pl.'s Mtn. at 16 (Slip IDs 69208, 67616), the boilerplate proposed order and reduce the plaintiffs' requested fees by $78.

    C.    *Categorization of Paralegal Work*

A party may recover fees for work done by paralegals and law clerks at the employee's market rate, provided that the tasks are "sufficiently specified" and "suitable" for that person. *See Role Models*, 353 F.3d at 973. A task can become unsuitable when other less expensive personnel routinely perform it. *See Michigan v. U.S. E.P.A.*, 254 F.3d 1087, 1095 (D.D.C. 2001). However, work performed by purely clerical staff is considered overhead for the attorney and cannot be recovered with attorneys' fees. *See In re Olson,* 884 F.2d at 1427-28. Prevailing community practice helps determine whether a task is purely clerical or should be performed by more expensive personnel. *See id.*

The defendant objects to the .5 hours of paralegal time included in the petition on the ground that the task at issue—calendaring dates—was purely secretarial, and thus, unsuitable for a paralegal. Def.'s Opp'n at 4. But it is standard practice and reasonable for a paralegal to determine due dates based on the Federal Rules of Civil Procedure, a task that other support staff might not be able to perform. Here, the plaintiffs seek fees based on the appropriate paralegal rate, not an attorney rate. The Court finds this task reasonable for a paralegal and recoverable under an award of attorneys' fees and costs.

## CONCLUSION

For the above stated reasons, the plaintiffs' petition for attorneys' fees and costs is **GRANTED** in part and **DENIED** in part. The original request of $10,633.00 shall be reduced to $10,555.00.

_____
DABNEY L. FRIEDRICH
United States District Judge

May 31, 2019